STATE *versus* GEORGE F. PATTEN *& als.*

One who bids off, at a land sale of State lands, a township of land, but takes no deed, acquires no right to the land, nor to cut any timber thereon.

All timber cut thereon remains the property of the State; and the title of the State to a particular lot is not relinquished by the omission of the Land Agent to seize it, although he seizes a lot cut subsequently.

Trustees, to whom a debtor conveys property in trust for his creditors, stand in no better position than the debtor, in respect to its title.

In trover, a demand and refusal are only *evidence* of conversion. If an actual conversion is proved, there is no necessity to prove a demand in order to sustain the action.

ON REPORT.

TROVER for a quantity of timber. The facts are stated in the opinion.

*Coburn & Wyman,* for plaintiff.

*Bronson,* for defendant.

1. There was an implied license to Russell to cut this timber, he having bid off the township at a regular land sale, and having been allowed to operate thereon, without disturbance by the State.

2. If the State had a lien on this timber, it was waived by the seizure of timber cut thereon subsequently, and by the Land Agent's then giving orders not to seize this.

3. The defendants never had any notice of this lien, if one ever existed.

4. No demand upon the defendants for this timber has been proved. The action cannot be sustained without it.

The opinion of the Court was drawn up by

RICE, J. — The title to the land, on which the logs in controversy were cut, was originally in the State. In 1851, at a land sale, one Russell bid off this land, but took no deed, and obtained no title till several years subsequent. In the winter of 1853–4, the logs in question were cut by Russell,

and, in August, 1855, he sold them to Berry & Son. In February, 1857, Berry & Son failed, and conveyed the logs, with other property, to the defendants, in trust, for certain of their creditors. The defendants have sawed and disposed of a portion of the logs.

The title to the land on which the logs grew, being in the State, would carry with it the title to the logs, unless it has been in some way divested. No sale of the timber, or license to cut the same, has been shown. The deed of March 1, 1856, from the State to Russell, does not purport to convey the timber which had been before severed from the soil. Nor does the resolve of the Legislature, of February 26, 1856, transfer any right in the timber to Russell, or relinquish any claim of the State thereto.

It is contended, that the neglect on the part of the State to seize this timber at the time it seized a quantity which had been subsequently cut by Russell on the same land, and sold to Clay and others, was evidence tending to show that it had relinquished its claims to the timber. We do not perceive any legal force in this proposition. The Land Agent may have had reasons for seizing the Clay timber, which did not apply to this. But whether that were so or not is not material.

The defendants were not purchasers for value, and therefore occupy no better position, as to the title, than was occupied by Berry & Son; and, if notice of plaintiff's claim were necessary, the evidence satisfactorily shows that Berry & Son had such notice.

A demand and refusal is only *evidence* of conversion. The case finds the *fact* of conversion irrespective of any demand. This is sufficient on that point.

*The defendants must be defaulted, and damages*
*assessed by the Judge presiding at Nisi Prius.*

TENNEY, C. J., MAY, GOODENOW, DAVIS and KENT, JJ., concurred.